IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA BAKER, (K85633), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 5232 |
| | ) | |
| GARRY F. MCCARTHY, | ) | |
| Chicago Police Superintendent, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant McCarthy's motion to dismiss (Dkt. No. 17), is denied. McCarthy shall review the police files related to the October 3, 2012 incident at issue in this case. McCarthy is instructed to submit a filing naming the officers who arrested Plaintiff or otherwise had contact with her on October 3rd. McCarthy shall also file the police report and other relevant materials in support with this filing. McCarthy shall make this filing no later than May 2, 2014. Status hearing remains set for April 14, 2014 at 1:30 p.m.

## STATEMENT

Pro se Plaintiff Latoya Baker, an Illinois Department of Corrections inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Chicago Police Superintendent Gary F. McCarthy's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted. (Dkt. No. 17).

Before turning to the merits of the motion to dismiss, the Court notes that the present motion to dismiss is brought by Defendant Superintendent McCarthy. McCarthy is not an individual Defendant in this case. Instead, the Court added McCarthy as a Defendant solely so that Plaintiff could conduct discovery to identify the presently unknown Chicago Police Officers. These unknown officers are the ones who allegedly violated Plaintiff's rights and are the proper Defendants. McCarthy had no personal involvement in the alleged constitutional violation and so will be dismissed once the proper officers are identified. McCarthy also provides no grounds for his right to assert merits arguments on behalf of Chicago police officers sued in their individual capacity. The present motion to dismiss is improper on this basis alone.

Additionally, the motion to dismiss fails on the merits. The following facts, drawn from Plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to Plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in Plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff alleges that on October 3, 2012, she was with a group of people standing on sidewalk when a unknown car pulled up. A man in the car asked if she would like to have a date with her. Plaintiff rode away in the man's car.

A police car then pulled up and the officers arrested Plaintiff. Plaintiff was handcuffed and put in the back of a squad car. She was in pain and sick but did not receive any medical attention. Plaintiff told the arresting officers of her medical needs, but nothing was done. Plaintiff stayed in the back of the squad car for many hours before receiving necessary medical treatment.

The Court's original 28 U.S.C. § 1915A screening order allowed Plaintiff to proceed with Fourth Amendment claims for false arrest, and failure to provide proper medical care. (Dkt. No. 4) (citing *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (false arrest); *Ortiz v. City of Chicago*, 656 F.3d 523, 530-31 (7th Cir. 2011) (failure to provide medical care)).

As mentioned above, the screening order also noted that Plaintiff named the police officers as John Does. The Court, on its own motion, added Chicago Police Superintendent Garry F. McCarthy as a Defendant solely so that Plaintiff could identify the John Does. The Court instructed Plaintiff that she needed to conduct

discovery to identify the Does, and the Does needed to be named in an amended complaint prior to the expiration of the two-year statute of limitations.

Turning to the present motion to dismiss, McCarthy argues that the Fourth Amendment false arrest claim is barred by *Heck v. Humphrey*, 512 F.3d 477 (1994). because Plaintiff later plead guilty to prostitution for the October 3rd incident. This argument is incorrect.

As an initial matter, Defendant merely provides a docket sheet from Plaintiff's state criminal case. There is no copy of the indictment, guilty plea transcript, or any other information regarding the state court case. There is no information that the guilty plea is from the same incident at issue in this case. The docket sheet provides minimal information of the state case number and that the guilty plea occurred. The Court could not apply *Heck* based on this sparse and unhelpful information.

And more fundamentally, Defendant's argument is wrong as to the controlling case law. *Wallace v. Kato*, a case that Defendant neither cites to, nor contrasts, holds that (as a general rule) *Heck* does not apply to Fourth Amendment claims. 549 U.S. 384, 394 (2007). In fact, *Wallace,* like this case, was a false arrest case against Chicago police officers.

> Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation. *Wallace v. Kato*, 549 U.S. 384 (2007). Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit.

*Dominguez v. Handley*, 545 F.3d 585, 589 (7th Cir. 2008); *see also Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) ("For example, an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused."); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, holds that *Heck* does not affect litigation about police conduct in the investigation of a crime."). This has been the law for many years well before *Wallace. Simpson v. Rowan*, 73 F.3d 137, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a Plaintiff to pursue a § 1983 claim under the Fourth Amendment. *Heck* does not preclude Simpson from raising Fourth Amendment claims in his federal action.") (citations omitted).

Defendants cite to *Okoro v. Bohman*, 164 F.3d 1059 (7th Cir. 1999), and *Wiley v. City of Chicago*, 361 F.3d 994 (7th Cir. 2004). In both of those cases, the Seventh

Circuit held that Fourth Amendment could be barred by the rule of *Heck* when the Plaintiffs brought claims that were inconsistent with their subsequent conviction. *Wiley*, 361 F.3d at 997; *Okoro,* 164 F.3d at 1061. For this proposition, *Wiley*, cited to *Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2004). And *Gaguer* cited to *Okoro* in support of its reasoning.

But *Gauger* was later overruled by the Seventh Circuit's *Wallace* decision, *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006), and the Supreme Court affirmed the *Wallace* decision that rejected *Gauger* (and with it the associated portions of *Wiley* and *Okoro*.). Although *Okoro* and *Wiley* are not redflagged in Westlaw as overruled, those cases cannot be relied upon to the extent that they advocate positions that were rejected by the *Wallace* decisions.

The Seventh Circuit's *Wallace* decision conceded that *Heck* could bar a Fourth Amendment claim in a small category of cases when the civil rights claim was an element at issue in the state criminal conviction. 440 F.3d at 428. *Heck* provides a specific example of this type of situation — a Plaintiff who is convicted of resisting arrest when the police officer is making a lawful arrest. 512 U.S. at 487 n.6. The legality of the arrest is central to both the federal civil rights suit and state criminal prosecution so that a federal ruling in Plaintiff's favor would necessarily invalidate the state criminal conviction. It would be impossible to proceed on the civil rights case in light of the criminal conviction. As such, Plaintiff cannot "plead" herself into *Heck* by making statements in a complaint that directly conflict a valid conviction. *Gilbert*, 512 F.3d at 901.

In this case, however, the general rule that *Heck* does not bar Fourth Amendment claims applies. Plaintiff says that she was standing on a corner when she got into a car for a "date." Although a "date" suggests the possibility of prostitution, there is nothing in the record to demonstrate that there was probable cause for her original arrest. A person may lawful enter into a car for a date. That does not automatically mean that the person is a prostitute. Furthermore, as Defendant has only provided the state docket sheet, there is no evidence to suggest a conflict between the state criminal conviction and the allegations in Plaintiff's complaint.

In conclusion, a person can be unlawfully arrest, but subsequently convicted. The general rule is that *Heck* does not bar a Fourth Amendment claim, and there is nothing in the record suggesting that Plaintiff's false arrest claim is necessarily inconsistent with a subsequent prostitution conviction. Defendant's *Heck* argument is rejected.

Defendant's other argument is that Plaintiff's failure to provide medical care claim should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Defendant argues that Plaintiff has failed to take any action over the past eight

months to identify the John Doe officers. This, according to Defendant, shows a failure to prosecute the case.

As an initial point, the Court is uncertain why the want of prosecution argument should only apply to the medical claim. But either way, dismissal for want of prosecution is not appropriate at this time. Dismissal for want of prosecution cannot happen unless there is an explicit warning that repeated failures to perform a specific task will result in dismissal of the case. *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). The warning is also a first step as the Court must consider that other lesser remedies have failed or are bound to fail. *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013).

The Court is certainly not pleased that neither party has engaged in discovery over the John Doe issue. However, Plaintiff has not received an explicit warning in this case. The Court also cannot conclude that lesser remedies short of dismissal would be futile. Plaintiff has two years from the October 3, 2012 incident to name the Does in an amended complaint. In addition, the Court has an affirmative responsibility to assist the pro se Plaintiff identify the unknown John Doe Defendants. *Bryant v. City of Chicago*, __ F.3d __, No. 13-1142, 2014 WL 791831, at *4 (7th Cir. Feb. 28, 2014) (citing *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995)).

On the Court's own motion, Defendant Superintendent McCarthy is instructed to review the police files related to the October 3, 2012 incident at issue in this case. McCarthy is instructed to submit a filing naming the officers who arrested Plaintiff or otherwise had contact with her on October 3rd. McCarthy shall also file the police report and other relevant materials in support with this filing. McCarthy shall make this filing no later than May 2, 2014. This action is sufficient to address any concerns about the lack of progress in this case. Dismissal for want of prosecution is not appropriate at this time.

ENTERED:

Dated: April 11, 2014

_____
AMY J. ST. EVE
United States District Court Judge